UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGEL BARTLETT,

    Plaintiff,

v.                                                  Case No. 1:17-CV-565

STATE OF MICHIGAN, et al.,              HON. GORDON J. QUIST

    Defendants.
_____/

## OPINION

Plaintiff, Angel Bartlett, proceeding pro se, has filed a complaint against the State of Michigan, various state agencies and courts, the Kalamazoo Psychiatric Hospital, and at least fifty individuals. In addition, since filing her complaint, Plaintiff has filed at least once per week a so-called "Supplement to Complaint," all of which appear to be unauthorized amendments adding new parties and new allegations. (*See, e.g.*, ECF Nos. 9-27.) Bartlett's complaint is rambling, disjointed, and, frankly, difficult to follow. It appears from Bartlett's allegations that she suffers from mental illness (or at least has been diagnosed with mental illness); has been placed in mental health treatment; has received "medical procedures that were . . . life threatening"; and has been charged with various crimes. (ECF No. 1 at PageID.2–3.) Plaintiff says that she "was wrongfully put in mental health and put in so many places by Court order that it became a terrorist attack on [Plaintiff]." (*Id.* at PageID.3.) She also claims that she was wrongfully accused of being a Muslim and part of a terrorist system. (*Id.* at PageID.4.) Plaintiff claims that Borges "made up false drug screens and called CPS [Child Protective Services] to get a case on me that was fake," and that she "called the police, FBI, CIA and further up and they gave me another drug screen and it was NEGATIVE." (*Id.* at Page ID.6.)

Plaintiff cites various state and federal statutes, many of which are criminal, but does not say exactly who did what that might have resulted in a violation. For example, Plaintiff cites 18 U.S.C. § 1038 and states, "False information and Hoaxes they made up the entire case." (*Id.* at PageID.7.) Similarly, Plaintiff cites the federal anti-torture statute, 18 U.S.C. § 2340, and states, "I am certain they have placed orders of homicide and suicide on me by manipulating my case to put me in a gang system which I don't belong when I have no criminal charges." (*Id.*)

As far as relief, it is difficult to discern what Plaintiff seeks from this Court and against whom she seeks it. The final paragraph of the complaint states:

> The State of MI had jurisdiction of me illegally and held me since 2002 and that too must be settled in court to allow me to be free from any State holds. I had signed a piece of paper stating I was going to help my grandmother. This then put the State at will to do what they wanted with me and that was real bad actions to keep me down and keep me at Grandmother Shirley's house for free.

(*Id.* at PageID.20.)

On June 23, 2017, the magistrate judge issued an order granting Plaintiff leave to proceed *in forma pauperis*. (ECF No. 4.) Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to dismiss any action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999) (holding that "§ 1915(e)(2) applies only to in forma pauperis proceedings"). The Court must read a *pro se* plaintiff's complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972), and accept her allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733 (1992). The Court concludes that Plaintiff's complaint must be dismissed as required by § 1915(e)(2).

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

Plaintiff fails to state a discernable claim. First, as noted, many of the statutes Plaintiff cites are criminal statutes that do not provide a private right of action and may not be enforced by private individuals. *See Renkel v. United States*, 456 F.3d 640, 644–45 (6th Cir. 2006) (noting that 18 U.S.C. §§ 2340 and 2340A "criminalize torture outside the United States; they do not provide civil redress for torture within the United States," and that a plaintiff must pursue such claims under appropriate domestic law, such as the Eighth Amendment or the Federal Tort Claims Act); *Benton v. Kentucky-Jefferson Cnty. Attorney's Office*. No. 3:14CV-264-S, 2014 WL 3941571, at *2 (W.D.

Ky. Aug. 12, 2014) (noting that private citizens may not enforce the federal criminal code, including 18 U.S.C. § 1038). Second, although the Court has reviewed Plaintiff's complaint in detail, the Court finds no factual basis for a viable legal claim. Finally, the complaint is replete with references to "people," "they," and "them," but Plaintiff fails to identify any specific person who took an action against her that allegedly violated her rights under the Constitution or a federal statute that provides a private right of action. The Court notes that Plaintiff's allegations in the instant case are similar to those in a *pro se* lawsuit that Plaintiff filed in the Eastern District of Michigan. *See Bartlett v. Allegan Cnty. Courts*, No. 15-13939 (E.D. Mich. Jan. 12, 2016). In that case, the court dismissed Plaintiff's complaint on screening because "[o]ther than a general desire to appeal, expunge, or somehow wipe away some unspecified state court convictions, it is not clear what Plaintiff is attempting to assert. She states no factual or legal basis on which this court could begin to find some arguable basis for relief." *Id.* at *2. The same is true here.

Finally, the Court notes that "[a] complaint may be dismissed sua sponte for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Clark v. United States*, 74 F. App'x 561, 562 (6th Cir. 2003) (internal quotation marks omitted). For the reasons stated above, the Court also lacks subject matter jurisdiction over Plaintiff's complaint. Accordingly, Plaintiff's complaint will be dismissed.

An Order consistent with this Opinion will be entered.


Dated: September 13, 2017                                     /s/ Gordon J. Quist
                                                      GORDON J. QUIST
                                                      UNITED STATES DISTRICT JUDGE