**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

Deborah S. Hunt
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: May 09, 2018

Ms. Angel Bartlett
500 N. Edwards Street
Kalamazoo, MI 49007

Re: Case No. 17-2274*, Angel Bartlett v. MI, et al*
Originating Case No. : 1:17-cv-00565

Dear Ms. Bartlett:

The Court issued the enclosed (Order/Opinion) today in this case.

Sincerely yours,

s/Bryant L. Crutcher
Case Manager
Direct Dial No. 513-564-7013

cc: Mr. Thomas Dorwin

Enclosure

Mandate to issue

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 17-2274

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
May 09, 2018
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| ANGEL BARTLETT, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| STATE OF MICHIGAN, et al., | ) | THE WESTERN DISTRICT OF |
| | ) | MICHIGAN |
| Defendants-Appellees. | ) | |
| | ) | |
| | ) | |

ORDER

Before: BATCHELDER, GRIFFIN, and LARSEN, Circuit Judges.

Angel Bartlett, a pro se Michigan resident, appeals a district court order dismissing her civil complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

In June 2017, Bartlett sued the Michigan Department of Human Services, Governor Rick Snyder, the Kalamazoo Departments of Human Services and Child Protective Services, various state courts and hospitals, and numerous agency employees and private citizens. Bartlett alleged that she was improperly adjudicated as mentally ill and placed in various mental health facilities, and that her children were removed from her custody. She stated that several private citizens and employees from various state and federal agencies falsely accused her of criminal offenses, including drug smuggling, terrorism, and child molestation. She insisted that the defendants improperly surveilled her and tapped her phone. She also alleged that some of the defendants had "an order placed on [her]" to stop breast-feeding her children and "placed reflux orders on

[her] baby," which almost caused her child to die. She claimed that some of the defendants threatened to kill her or ordered her to kill herself, and that she was attacked with forms of unspecified energy and radiation. She stated that she was warned, "in [her] head," that unspecified individuals had killed her sister's fiancé and that he had witnessed the defendants' "war fare" against her. Bartlett sought unspecified monetary damages and to have the defendants charged with various criminal offenses in order to stop them from engaging in the alleged violations of her rights. Bartlett filed several dozen "supplements" to her complaint, raising allegations similar to those in the complaint.

The district court dismissed the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction and pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief could be granted. The court concluded that Bartlett failed to state a claim against the defendants because she sought relief pursuant to criminal statutes that do not provide a private right of action, because her allegations failed to set forth a viable legal claim, and because she failed to identify how many of the defendants' actions purportedly violated her rights. The district court concluded that it lacked subject-matter jurisdiction over Bartlett's complaint because her allegations were implausible and frivolous. The district court also denied Bartlett's motion for reconsideration.

On appeal, Bartlett cursorily reasserts her claims and continues to argue that the defendants have subjected her to false charges and fraudulent trials. She has filed several "notifications" setting forth her intent to seek hundreds of millions of dollars in damages and her continued efforts to pursue various claims against numerous defendants and a motion seeking reconsideration of prior "orders" by the state courts.

We review de novo a district court's dismissal of a suit under 28 U.S.C. § 1915(e)(2). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Under § 1915(e)(2)(B), district courts must screen and dismiss any complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.* at 470. A claim is frivolous when it is based on "fantastic or delusional" factual allegations or on legal theories that are indisputably without merit. *Neitzke v. Williams*, 490 U.S.

319, 327-28 (1989). "[T]o survive scrutiny under § . . . 1915(e)(2)(B)(ii), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill*, 630 F.3d at 471 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a pro se litigant is entitled to a liberal construction of her pleadings and filings, this court's standard of review requires more than the bare assertion of legal conclusions, and the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *See Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005); *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). A plaintiff "must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008). Likewise, we review de novo a judgment dismissing a complaint for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). *Colonial Pipeline Co. v. Morgan*, 414 F.3d 211, 217 (6th Cir. 2007).

The district court properly concluded that Bartlett's allegations failed to state a claim upon which relief could be granted. As the district court accurately noted, Bartlett, in many instances, merely identified the alleged wrong-doers as "they" or "them," instead of specifying how each named defendant violated her rights under federal law. In addition, most of Bartlett's allegations concerning the defendants' attempts to harass and intimidate her are frivolous because they are based on "fantastic or delusional" factual allegations concerning conclusorily pleaded conspiracies and far-fetched threats on her life and attacks using energy and radiation. *See Neitzke*, 490 U.S. at 327-28. The district court properly dismissed Bartlett's claims under the various criminal statutes because the statutes do not provide for a private cause of action, and because the decision to prosecute is vested in the sound discretion of the Attorney General. *See Wayte v. United States*, 470 U.S. 598, 607 (1985). Finally, although not expressly addressed by the district court, the court lacked jurisdiction over any attempt by Bartlett to regain custody of

her children because states have exclusive jurisdiction over child custody litigation. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992).

Accordingly, we **AFFIRM** the district court's order and **DENY** Bartlett's miscellaneous motion and requests for relief.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk